# JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| **In re:** | **Case No.: CV 15-00444-CJC** |
| **GEORGES MARCIANO,** | |
| **Debtor.** | **ORDER DENYING CLAIMANT'S MOTION TO WITHDRAW BANKRUPTCY COURT REFERENCE** |
| **ART PACK, INC.,** | |
| **Claimant,** | |
| **v.** | |
| **DAVID GOTTLIEB,** *solely in his capacity as Chapter 11 Trustee for the Estate of Georges Marciano*, and **CREDITORS COMMITTEE,** | |
| **Objectors.** | |

## I.  INTRODUCTION

Claimant Art Pack, Inc. ("Art Pack") brings this motion to withdraw the bankruptcy court reference from its claim against Debtor Georges Marciano.  (Dkt. No. 1 ["Mot. to Withdraw"].)  Specifically, Art Pack argues that its malicious prosecution claim is a personal injury action that must be finally determined by an Article III court.  Objector David Gottlieb ("Objector"), the Plan Administrator pursuant to the confirmed Fourth Amended Plan of Reorganization as Modified and the successor-in-interest to the Chapter 11 Trustee, opposes the motion.  (Dkt. No. 11 ["Objector's Opp'n"].)  For the following reasons, Art Pack's motion is DENIED.[1]

## II.  BACKGROUND

In 2008, Mr. Marciano sued Art Pack and others in Los Angeles Superior Court alleging, *inter alia*, fraud, conspiracy, and theft of his artwork (the "Underlying Action") in the case *Marciano v. Fahs, et. al.*, Case No. BC375824.  (Mot. to Withdraw, Exh. 1.)  The Superior Court ultimately granted summary judgment in favor of Art Pack in January 2009.  (Mot. to Withdraw, Exh. 2 at 21–22.)  Mr. Marciano initially appealed Art Pack's summary judgment, but dismissed the appeal in December 2010.  (*Id.* at 35–37.)  Meanwhile, several other defendants from the Underlying Action, who had cross-complained against Mr. Marciano and successfully obtained over $100 million in judgments, filed an involuntary bankruptcy petition pursuant to 11 U.S.C. § 303(b)(1) against Mr. Marciano.  *In re Marciano*, 708 F.3d 1123, 1124–25 (9th Cir. 2013).

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for February 23, 2015 at 1:30 p.m. is hereby vacated and off calendar.

In March 2012, Art Pack filed a Proof of Claim against the Marciano estate in Bankruptcy Court, asserting a malicious prosecution claim arising from the Underlying Action and seeking an "unliquidated amount according to proof." (Dkt. No. 13 ["Objector's RJN"], Exh. 1 ["Proof of Claim"].) In August 2013, Objector, in his capacity as the Trustee, moved to liquidate Art Pack's claim for approximately $37,000, reflecting the amount of fees and expenses incurred by Art Pack in defending the Underlying Action.[2] (Objector's RJN, Exh. 2 ["Trustee's Mot."].) In response, Art Pack filed a 63-page memorandum opposing the Trustee's motion and requesting that Art Pack's claim be liquidated in the amount of $44 million for economic compensatory damages and $20–40 million for punitive damages. (Objector's RJN, Exh. 3 ["Art Pack's Response to Trustee's Mot."].) In support of its request, Art Pack also submitted hundreds of pages of supporting evidence for its request. (*In re Marciano*, Case No. 11-bk-10426 (Bankr. C.D. Cal.) ["Bankr. Dkt."] Nos. 2285–92.) The Bankruptcy Court ultimately denied both requests and set the matter for trial in April 2014. (Objector's Opp'n at 4.)

The trial on Art Pack's claim moved forward as scheduled; Art Pack filed a trial brief, opening and closing final arguments, over 15 witness declarations, and proposed findings of fact and conclusions of law. (Mot. to Withdraw, Exhs. 6–13; *see, e.g.*, Bankr. Dkt. Nos. 2573–95, 2701, 2722.) The Trustee and the Official Unsecured Creditors Committee responded with its own trial brief, final arguments, witness declarations, motions in limine, and proposed findings of fact and conclusions of law. (*See, e.g.*, Bankr. Dkt. Nos. 2595–2600, 2602–04, 2606, 2713.) At the trial's conclusion, the Bankruptcy Court took the matter under submission. (Objector's Opp'n at 3.) In October 2014, the Bankruptcy Court issued several orders ruling on evidentiary objections from

---

[2] Objector now concedes that the amount of fees and expenses was approximately $85,000. (Objector's Opp'n at 4 n.2.)

the trial.  (Bankr. Dkt. Nos. 2835–38.)  On January 8, 2015, the Bankruptcy Court further ordered the parties to mediation.  (Mot. to Withdraw, Exh. 14.)

## III.  ANALYSIS

Under 28 U.S.C. § 157(a) and Local Bankruptcy Rule 5011-1, the district court refers all cases arising under, arising in, or related to a case under Title 11 to the bankruptcy court.  Withdrawal of such reference is governed by 28 U.S.C. § 157(d).  Where, as here, a party seeks permissive withdrawal, a district court may withdraw a bankruptcy court reference "for cause shown."  28 U.S.C. § 157(d).  In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.  *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  The moving party bears the burden of showing that the reference should be withdrawn.  *See In re Heller Ehrman LLP*, 464 B.R. 348, 351 (N.D. Cal. 2011).

### A.  Core Proceeding

In considering whether to withdraw a bankruptcy court reference, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn."  *In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 222 (C.D. Cal. 2014) (internal quotation omitted).  Bankruptcy judges may hear and enter final judgments in "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11."  28 U.S.C. § 157(b)(1).  By contrast, in non-core proceedings, the bankruptcy court may only submit proposed findings of fact and conclusions of law to the district court, which in turn enters final judgment after a *de novo* review of any matters to which a party objects.  *Id.* § 157(c)(1).  The Ninth Circuit,

however, has affirmed that "consent permits a non-Article III judge to decide finally a non-core proceeding." *In re Bellinghman Ins. Agency*, 702 F.3d 553, 567 (9th Cir. 2012). Such consent may be implied by a bankruptcy litigant's failure to timely object. *Id.*

Art Pack contends that judicial efficiency is not served by the continuing participation of the Bankruptcy Court over its malicious prosecution claim. Specifically, Art Pack argues that its claim is a personal injury tort claim that falls outside of the realm of "core proceedings" and will ultimately need to be adjudicated by an Article III court. *See* 28 U.S.C. §§ 157(b)(2)(B), (b)(5) (identifying personal injury tort and wrongful death claims as non-core proceedings that "shall be tried in the district court"). Assuming *arguendo* that Art Pack does indeed have a personal injury tort claim, the Court finds that it impliedly consented to the Bankruptcy Court's resolution of its claim. *See Stern v. Marshall*, 131 S. Ct. 2594, 2606–07 (2011) (holding that § 157(b)(5) on personal injury tort claims "is not jurisdictional" and is subject to waiver). In March 2012, Art Pack filed a Proof of Claim with the Bankruptcy Court. A year and a half later, the Trustee filed a Motion to Liquidate Art Pack's claim, prompting Art Pack to file a 63-page response. (Art Pack's Response to Trustee's Mot.) Importantly, Art Pack did not merely ask the Bankruptcy Court to reject the Trustee's proposed $37,000 liquidation amount; rather, Art Pack requested that the Bankruptcy Court find Mr. Marciano liable for malicious prosecution and liquidate its claim in excess of $64 million. (*Id.* at 1–2, 25.) In further support of its multi-million dollar request, Art Pack submitted hundreds of pages of supporting evidence including declarations, medical records of the founder of Art Pack, expert opinions, and documentation of attorneys' fees. (Bankr. Dkt. Nos. 2285–92.) These actions amounted to Art Pack's affirmative assent "to give the bankruptcy judge an opportunity to adjudicate [its] claim" and consequently, "implied[] consent to the bankruptcy court's jurisdiction." *In re Bellingham*, 702 F.3d at 568.

Nor is the Court persuaded by Art Pack's belated objections to the Bankruptcy Court resolving its claim.  Art Pack identifies two instances in which it objected.  (Dkt. No. 14 ["Reply to Mot. to Withdraw"] at 13; Exhs. 5, 11.)  However, both of the identified objections occurred in April 2014—long after Art Pack's September 2013 request to the Bankruptcy Court to liquidate its claim.  To permit Art Pack to make an about-face after "remaining silent about [its] objection and belatedly raising the error only if the case does not conclude in [its] favor" would be to permit the unacceptable "sandbagging" of the court that the Supreme Court warned against.  *See Stern*, 131 S. Ct. at 2608 (internal quotation omitted).  The Court therefore concludes that Art Pack consented to the Bankruptcy Court's adjudication of its malicious prosecution claim.

**B.  Judicial Economy**

Relatedly, Art Pack argues that judicial efficiency would be served through withdrawal, given the Bankruptcy Court's delay in issuing a decision following the April 2014 trial on its claim.  (Mot. to Withdraw at 6–7.)  Art Pack points out that although extensive evidence, briefing, and arguments were presented to the Bankruptcy Court at trial, no decision has been rendered.  But it is for these very reasons that the Court finds that judicial efficiency is better served in the Bankruptcy Court.  It would be highly inefficient for Art Pack to initiate new proceedings on the same malicious prosecution claim that has already been extensively briefed, litigated, and argued before the Bankruptcy Court.  Nor can this Court merely "provide a *de novo* review" of the proffered evidence, as Art Pack suggests.  (Mot. to Withdraw at 7.)  Aside from the fact that Art Pack has already consented to adjudication of its claim by a non-Article III court, the Bankruptcy Court has yet to issue any proposed findings of fact and conclusions of law for this Court to conduct *de novo* review of.

Nor does this Court find Art Pack's discontent with being ordered to mediation or the Bankruptcy Court's "injudicious comments" grounds for withdrawal. (*See* Reply to Mot. to Withdraw at 2–3.)  Courts have the duty to manage their cases, which includes exploring settlement options.  The Bankruptcy Court has a further obligation to maintain order and decorum in the proceedings before it.  There is nothing in the record that would lead this Court to believe that the Bankruptcy Court has acted improperly such that withdrawal is warranted.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED and this case is hereby remanded back to Bankruptcy Court.

DATED:      February 13, 2015

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE